**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KENNETH A. THOMAS MD, LLC, a Connecticut limited liability company, individually and on behalf of all others similarly situated,<br><br>  *Plaintiff*,<br><br>v.<br><br>HOSPITAL MEDIA NETWORK, LLC, a Connecticut limited liability company d/b/a HEALTH MEDIA NETWORK, LLC,<br><br>  *Defendant*. | Case No.: |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff Kenneth A. Thomas MD, LLC ("Plaintiff"), brings this Class Action Complaint and Demand for Jury Trial against Defendant Hospital Media Network, LLC d/b/a Health Media Network, LLC ("HMN"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

  1. HMN is a digital media company that specializes in offering tailored health-related television programming to doctors' offices and healthcare facilities across the country.

  2. In an attempt to generate sales leads, and ultimately increase its revenues, HMN created a fax-based marketing campaign wherein it sent numerous unsolicited faxes advertising

its products and services across the country.

3. HMN sent the fax advertisements at issue to Plaintiff and members of the Classes (defined below) despite: (i) having no previous relationship with them; (ii) never receiving the recipients' consent to receive such faxes; and (iii) that none of the faxes sent contained requisite opt-out notices.

4. As such, HMN's fax advertisements violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and caused Plaintiff and members of the Classes to suffer actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, increased labor expenses, and the loss of any ink and paper used to print them.

5. Accordingly, Plaintiff seeks an injunction requiring it to cease all unauthorized fax-based marketing activities, as well as an award of actual and statutory damages to the members of the Classes, along with costs and reasonable attorneys' fees.

## PARTIES

6. Plaintiff Kenneth A. Thomas MD, LLC is a limited liability company organized and existing under the laws of the State of Connecticut. Thomas's principal place of business is located in Stratford, Connecticut, which is in this District.

7. Hospital Media Network, LLC is organized and exists under the laws of the State of Connecticut. HMN's principal place of business is located at 9 Old Kings Highway South, Darien, Connecticut 06820. HMN does business in the State of Connecticut and in this District.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute.

9. The Court has personal jurisdiction over HMN and venue is proper in this District because the wrongful conduct giving rise to Plaintiff's cause of action occurred in this District. Additionally, venue is proper in this District because Plaintiff Thomas resides in this District.

10. In addition, HMN directs its marketing efforts toward this District, solicits customers in this District, and enters into business contracts in this District.

**COMMON FACTUAL ALLEGATIONS**

11. HMN is a digital media company that markets and sells health-related television programming through a number of its own television networks. Each network offers tailored programming ranging from general health issues to specific topics, such as pediatrics, gastroenterology, and diabetes.

12. HMN generates revenue by selling advertising and programming space on these networks to third parties, which then market their own goods and services. HMN broadcasts these paid-for television programs and advertisements directly to a targeted audience—patients and practitioners who have a particular interest in their content. For example, HMN may broadcast paid-for programming promoting goods and services related to the treatment of diabetes to a doctor's office that focuses its practice on treatment of the disease.

13. HMN bases its business model on soliciting numerous doctors' offices and health care facilities to offer the installation of televisions in patient waiting rooms and health care facilities throughout the nation. These televisions then broadcast this targeted paid-for programming to patients and healthcare providers alike.

14. In order to increase the number of facilities that display its programming—thereby boosting its viewer base, paid-for programming sales, and the resulting revenues—HMN sends numerous faxes advertising its digital media services to doctors and health care facilities

across the country.

15. HMN sends these fax advertisements to individuals and businesses with which it has no prior relationship, and without their permission or consent, in violation of the TCPA.

16. The faxes sent by HMN constitute advertisements because they promote the commercial availability and quality of HMN's digital media services. Moreover, the faxes themselves serve as a pretext for HMN to ultimately deliver additional advertisements via its television programming.

17. HMN used a telephone facsimile machine, computer or other device to send the fax advertisements at issue.

18. The fax advertisements at issue failed to provide recipients with the proper opt-out notice information required by the TCPA and its implementing regulations. Specifically, the faxes failed to provide a notice identifying a facsimile number and domestic contact telephone number for fax recipients to transmit their opt-out requests to HMN.

## FACTS SPECIFIC TO PLAINTIFF KENNETH A. THOMAS MD, LLC

19. On or around August 2016, HMN used a telephone facsimile machine to send an unsolicited fax advertisement to Plaintiff Thomas. (A true and accurate copy of the August 2016 fax advertisement is attached hereto as Exhibit A).

20. HMN's fax promoted its digital programming services and contained a fillable contract for fax recipients to complete and return to HMN in order to secure its services. (*See* Ex. A.)

21. Plaintiff Thomas had no prior business relationship with HMN, and had never provided it with consent to receive advertisements through any medium, let alone facsimiles.

22. HMN created the content of the fax advertisement, and transmitted it to Plaintiff

and members of the Classes with the intention of generating sales and increasing its revenues.

23. The fax failed to contain the required opt-out notice mandated by 47 U.S.C. § 227(b)(2)(D) and 47 C.F.R. § 64.1200(a)(4)(iii)–(iv). Specifically, the fax failed to contain language that identified a facsimile number and telephone number for fax recipients to transmit their opt-out requests to HMN.

## CLASS ALLEGATIONS

24. **Class Definitions**: Plaintiff Thomas brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of two classes defined as follows:

> **No Consent Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by or on behalf of HMN, (iv) for whom HMN did not have a record of prior express consent to send the facsimile advertisements at the time they were sent.
>
> **Opt-Out Class**: All persons and entities who (i) in the four years preceding the filing of this action, (ii) received a telephone facsimile advertisement, (iii) sent by or on behalf of HMN.

The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) HMN, HMN's subsidiaries, parents, successors, predecessors, and any entity in which HMN or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and HMN's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25.     **Numerosity**: The exact size of the Classes is unknown and unavailable to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, HMN faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Classes. Class membership can be easily determined from HMN's records.

26.     **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes. Plaintiff is a member of the Classes, and if HMN violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Classes. Plaintiff and the Classes sustained damages as a result of HMN's uniform wrongful conduct.

27.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

> **No Consent Class**:
>
> (a)     How HMN gathered, compiled, or obtained the fax numbers of Plaintiff and the No Consent Class;
>
> (b)     Whether HMN's faxes advertised the commercial availability or quality of property, goods, or services;
>
> (c)     Whether HMN sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior express consent to do so;
>
> (d)     Whether HMN sent the fax advertisements without first obtaining Plaintiff and the No Consent Class's prior permission or invitation to do so; and
>
> (e)     Whether HMN's conduct was willful such that Plaintiff and the No Consent Class are entitled to treble damages.
>
> **Opt-Out Class**:
>
> (a)     Whether HMN's faxes advertised the commercial availability or quality of property, goods, or services;

6

(b) Whether HMN's faxes complied with the opt-out notice requirements of 47 U.S.C. § 227(b)(1)(C)(iii), and the regulations promulgated thereunder; and

(c) Whether HMN's conduct was willful such that Plaintiff and the Opt-Out Class are entitled to treble damages.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and HMN has no defenses unique to Plaintiff.

29. **Policies Generally Applicable to the Classes**: This class action is appropriate for certification because HMN has acted or refused to act on grounds generally applicable to the Classes as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making final injunctive relief appropriate with respect to the Classes as wholes. HMN's practices challenged herein apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on HMN's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by HMN's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from HMN's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual

controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the No Consent Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

33. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

34. The faxes sent by HMN advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, HMN's faxes are advertisements under the TCPA.

35. HMN sent the facsimile advertisements at issue to Plaintiff and members of the No Consent Class without their prior express invitation or consent, and despite the lack of any prior business relationship between it and members of the No Consent Class.

36. By sending the unsolicited advertisement faxes at issue to Plaintiff and members of the No Consent Class without their prior express consent, HMN violated 47 U.S.C. § 227(b)(1)(C).

37. As a result of HMN's conduct, Plaintiff and the members of the No Consent Class

8

suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

38. Plaintiff and the No Consent Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent HMN's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

39. Additionally, as a result of HMN's unlawful conduct, Plaintiff and the other members of the No Consent Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that HMN's violations of the TCPA do not continue into the future.

### SECOND CAUSE OF ACTION
### Violation of 47 U.S.C. § 227
### (**On Behalf of Plaintiff and the Opt-Out Class**)

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The TCPA mandates that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains information regarding a recipient's right to not receive faxed advertisements, as well as instructions on how to opt out of future transmissions. *See* 47 U.S.C. § 227(b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii). This notice must be provided on all facsimile advertisements, regardless of any prior express invitation or permission that may have been provided to the sender to receive a fax advertisement. *See* 47 C.F.R. § 64.1200(a)(4)(iv).

42. The faxes sent by HMN advertised the commercial availability and quality of its television programming services and were commercial in nature. Therefore, HMN's faxes are advertisements under the TCPA.

43. HMN sent facsimile advertisements to Plaintiff and members of the Opt-Out

Class that failed to contain the requisite opt-out notices. Specifically, the faxes failed to contain language that identified a facsimile number and domestic telephone number for fax recipients to transmit their opt-out requests to HMN.

44. HMN's failure to include the opt-out notice information required by the TCPA deprived Plaintiff and members of the Opt-Out Class with information that it was obliged to provide, and that was necessary to opt out of receiving future fax advertisements.

45. By sending the advertisement faxes at issue to Plaintiff and members of the Opt-Out Class without the opt-out information required by the TCPA, HMN violated 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

46. Plaintiff and the Opt-Out Class are therefore entitled to a minimum of $500 in damages for each violation under 47 U.S.C. § 227(b)(3)(B). To the extent HMN's misconduct is determined to be willful, the Court should treble the amount of statutory damages under 47 U.S.C. § 227(b)(3).

47. Additionally, as a result of HMN's unlawful conduct, Plaintiff and the other members of the Opt-Out Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A), to ensure that HMN's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenneth A. Thomas MD, LLC, on behalf of itself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Kenneth A. Thomas MD, LLC as the representative of the Classes, and appointing its counsel as Class Counsel;

B. An order declaring that HMN's actions, as set out above, violate the TCPA;

     C.     An order declaring that HMN's faxes constitute unsolicited advertisements, that they lack the required opt-out language, and that HMN sent the faxes without first obtaining prior express invitation, permission or consent of the recipients, and enjoining HMN from further violations, and otherwise protecting the interests of the Classes;

     D.     An award of actual and statutory damages;

     E.     An award of pre-judgment interest;

     F.     An award of reasonable attorneys' fees and costs; and

     G.     Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**KENNETH A. THOMAS MD, LLC**, individually and on behalf of all others similarly situated,

Dated: January 30, 2017     By:  /s/ _____

Jonathan M. Shapiro
Attorney at Law
Shapiro Law Offices, LLC
32 Washington Street
Middletown, Connecticut 06457
*t* (860) 347-3325 | *f* (860) 347-3874

Stamford Office:
1 Stamford Plaza
263 Tresser Blvd., 9th Floor
Stamford, Connecticut 06901
*t* (203) 564-1520

        Benjamin H. Richman*
        brichman@edelson.com
        Edelson PC
        350 North LaSalle Street, 13th Floor
        Chicago, Illinois 60654
        Tel: 312.589.6370
        Fax: 312.589.6378

*Attorneys for Plaintiff and the Classes*

\* *Pro Hac Vice* Admission to Be Sought